**Joseph HALL, Plaintiff-Appellee,**

v.

**The CHRYSLER CORP., Defendant Third-Party Plaintiff-Appellee-Appellant,**

v.

**WAYNE CORPORATION, Third-Party Defendant-Appellant,**

**United States of America, Third-Party Defendant.**

**No. 74–2838.**

United States Court of Appeals, Fifth Circuit.

Jan. 23, 1976.

James H. Drury, New Orleans, La., for Wayne Corp.

Dermot S. McGlinchey, Bradford H. Walker, Colvin G. Norwood, Jr., New Orleans, La., for Chrysler Corp.

Wilson M. Montero, Jr., New Orleans, La., for Joseph Hall.

Gerald J. Gallinghouse, U. S. Atty., Michaelle F. Pitard, Asst. U. S. Atty., New Orleans, La., for the United States.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

This appeal is from a judgment of $436,215.25 in favor of Plaintiff Hall in a personal injury action against joint manufacturers Chrysler Corporation and Wayne Corporation, and from a judgment of full indemnity in favor of Chrysler against Wayne. We find no error in the district court's decision and affirm the judgment below.

The plaintiff, a mechanic employed by the United States Postal Service, was paralyzed from the shoulder blades down when a truck he was attempting to repair rolled over him. The cause of the accident was later discovered to be a misrouted transmission cable. The cable had been installed in such a way that it touched the exhaust manifold, subjecting it to intense heat. The heat caused the inner layer of nylon incorporated in the transmission cable to bind the metal operating strands, thus locking the transmission into the "drive" position. Although the gear shift in the cabin of the truck indicated that the vehicle was in "park", in fact the transmission was locked into "drive". From his position on a creeper underneath the truck, the plaintiff attempted to work on the truck

by putting it into "park", turning the key to "on", and "grounding out" the starter. The vehicle began to roll. The plaintiff was crushed under the wheels as the vehicle moved forward.

The truck, provided by Chrysler to the United States Postal Service under a government contract, was jointly manufactured by Chrysler and Wayne. Chrysler provided a stripped chassis onto which Wayne assembled a completed body. The evidence at trial revealed that early in the performance of the contract it became apparent that the cables would have to be rerouted. Chrysler sent one of its representatives to the Wayne plant to instruct the Wayne personnel on the proper rerouting procedures. Although Chrysler initially had its own inspectors at the Wayne plant, it ceased such inspections upon learning that Wayne was certified by the Government Services Administration as a Quality Approved Manufacturer, and after being informed by the Post Office Department that it would be unnecessary to have Chrysler personnel standing by at the Wayne plant to make such inspections. About three months before the plaintiff's accident, Chrysler representatives learned that the cables were not being properly routed by Wayne personnel. Chrysler, however, took no action to reroute the cables before the plaintiff's accident.

The district court awarded the plaintiff $436,215.25, finding (1) that Chrysler was strictly liable as a manufacturer of a defective product, (2) that Chrysler was negligent in failing to discover the defect and in failing to remedy the defect after it became known, (3) that Wayne was negligent in failing to reroute the cable once it learned that the procedure then being used was dangerous, (4) that the plaintiff was free of contributory negligence, and (5) that Chrysler was entitled to full indemnification from Wayne, under the contract negotiated between Wayne and Chrysler.

█ We find that neither the findings of fact nor the conclusions of law made by the district court were clearly errone-ous. Fed.R.Civ.P. 52(a); *W. F. Chaney v. City of Galveston,* 5 Cir. 1966, 368 F.2d 774, 776. Under Louisiana law, a manufacturer of a product is liable "to any person . . . who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated." *Weber v. Fidelity & Casualty Insurance Co. of New York,* 1971, 259 La. 599, 602, 250 So.2d 754, 755. The evidence below supported the trial judge's findings that the misrouting of the cable rendered the truck defective by making it unreasonably dangerous to mechanics performing ordinary repair work such as the plaintiff's. Moreover, the plaintiff's injuries were precisely those which might be anticipated from such a defect.

Nor was there clear error in the court's finding that Chrysler was negligent in failing to discover the initial defect and in later failing to ensure that Wayne was making the necessary corrections in the routing of the cables. Wayne's negligence is clearly supported by the evidence showing that Wayne personnel misrouted the cable and failed to discover the defect in the inspection process. Despite both defendants' assertions to the contrary, the court found that the procedures used by the plaintiff to inspect the truck were part of "normal mechanical practices", thus relieving him of any charge of contributory negligence. The evidence presented by the plaintiff was sufficient to support this finding.

█ The court's finding of liability over from Wayne to Chrysler is not subject to serious challenge. The district court properly chose the law of Michigan, where the contract was made, as the applicable law. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; *Modern Farm Service, Inc. v. Ben Pearson, Inc.,* 5 Cir. 1962, 308 F.2d 18. Wayne does not challenge on appeal either that choice of law or the district judge's interpretation of it, but only the facts on which the court rested its judgment of

liability. Under the contract's indemnification clause, Wayne warranted that its services would comply with the specifications set forth by Chrysler. As the evidence showed that Wayne failed to reroute the cables correctly, even after being instructed to do so by Chrysler, the district court's finding that Wayne breached this warranty was not clearly erroneous.

No plain error arises from the decision below. We affirm.